■ In the Matter of MORTON SHAINESS et al., Respondents, v DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Appellants. — Judgment and order (one paper), Supreme Court, New York County, entered February 7, 1980, which dismissed the petitioners' CPLR article 78 proceeding and confirmed the

respondent Division of Housing and Community Renewal's determination directing the petitioners to make rent refunds pursuant to the Emergency Tenant Protection Act, except to the extent of vacating that portion of the division's determination which imposed treble damages against the petitioners, unanimously reversed, on the law, with costs and disbursements, to the extent appealed from and the provision vacating the treble damage penalty of the respondents is stricken. This dispute involves an apartment building subject to the Emergency Tenant Protection Act of 1974 (Administrative Code of City of New York, § Y51-1.0 *et seq.*). Certain tenants complained to the Division of Housing and Community Renewal that they had paid rent increases based upon a tax escalation clause in their leases, that the landlord had received refunds from the city as a result of tax certiorari proceedings, but had failed to pay or credit any of that refund to them. This resulted in a determination by the division recomputing the initial legal rent of the affected tenants, directing a refund to them of all excess rent paid since the local effective date, and imposing a penalty of treble damages for the landlord's willful failure to refund the tax rebates. The landlord commenced the instant CPLR article 78 proceeding to obtain review of this administrative determination. Special Term dismissed the petition, except insofar as the administrative determination imposed treble damages and remanded the matter to the division for further hearing as to disputed factual matters. Special Term struck the award of treble damages distinguishing between a rent overcharge and a failure to make a refund. It viewed section 71 of the Tenant Protection Regulations which provides for a penalty equal to three times the amount of excess over the legal rent as applicable solely to a "straight" rent overcharge situation, i.e., under circumstances where the initial rent charge is in excess of the then legal rent and not to a situation where the initial rent is retrospectively adjusted to a lower figure to account for a tax reduction realized in a tax certiorari proceeding. Respondent division on appeal contends that Special Term substituted its discretion and interpretation of the division's regulations for that of the division itself. On this record, it is clear that the contention is well taken. The distinction between an overcharge in rent and a failure to refund is, under the circumstances herein, one without substance. Section 50 of the regulations permits the division to recompute the initial legal regulated rent and clearly states: "In determining such application [for a redetermination of the initial legal regulated rent], the Division may direct the refund by the landlord to the tenant of excess rent paid since the local effective date, and may further order the landlord to pay to the tenant such penalty as may be found under section 71 of these Regulations." If as concluded by Special Term treble damages may be imposed only for a "straight" rent overcharge, then such penalty is provided for by section 71 of the regulations, and the discretion imposed on the division respecting treble damages by section 50 is redundant. We choose not to defeat the obvious intent of section 50 of the regulations so as to limit or minimize its remedial nature. In sum, the treble damages assessed herein emanate from the division's proper interpretation of its own rules and regulations which do nothing more than complement the intent of the enforcement provisions of the Emergency Tenant Protection Act of 1974. Concur — Birns, J. P., Fein, Sullivan, Lupiano and Bloom, JJ.